UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| HEATHER CARTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 2:21 CV 381 |
| | ) |
| UNITED FOOD & COMMERCIAL | ) |
| WORKERS UNION AND EMPLOYERS | ) |
| MIDWEST HEALTH BENEFITS FUND, | ) |
| | ) |
| Defendant. | ) |

**OPINION and ORDER**

This matter is before the court on the issue of subject-matter jurisdiction, as raised by plaintiff Heather Carter in her objection to defendant's notice of removal. (DE # 7.) For the reasons set forth below, the objection is overruled.

**I.   BACKGROUND**

In 2020, plaintiff was injured. Plaintiff's medical expenses were paid by defendant, a self-funded employees' benefit plan, in the amount of $121,937.79. Plaintiff obtained a settlement from a third-party in the amount of $100,000. It is undisputed that defendant possesses a lien on plaintiff's medical claims in the amount of $121,937.79.

Plaintiff filed this lawsuit in the Superior Court of Lake County, Indiana, in an attempt to reduce the lien. (DE # 4.) Defendant removed the case to federal court, claiming that this court may properly exercise diversity jurisdiction over the matter. (DE # 1.) Plaintiff objected to removal. (DE # 7.) The matter is fully briefed.

## II.     LEGAL STANDARD

A defendant in state court may remove a case to a federal district court only if the district court has original jurisdiction over the action. *See* 28 U.S.C. § 1441; *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). If the district court does not have jurisdiction, the case must be remanded. 28 U.S.C. § 1447(c). A court may exercise diversity jurisdiction over a case only when there exists diversity of citizenship and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332.

When considering whether to remand a case that has been removed to federal court, "[c]ourts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum," with any doubt regarding jurisdiction resolved in favor of remand. *Doe v. Allied–Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). The burden of establishing federal jurisdiction falls on the party seeking removal. *Id.*; *see Oshana v. Coca–Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006).

## III.    DISCUSSION

The parties dispute whether this case satisfies the amount in controversy requirement of 28 U.S.C. § 1332. Defendant argues that the amount in controversy is at least $100,000 (the amount plaintiff received in a settlement from a third-party), if not $121,937.79 (the actual amount of the lien held by defendant). (DE # 13 at 2.) Either way, defendant argues, the amount in controversy exceeds $75,000. Plaintiff argues that an Indiana statute, Section 34-51-2-19, requires reduction of the lien by the amount of plaintiff's attorney's fees. (DE # 10 at 2.) According to plaintiff, such a reduction would,

in turn, reduce the amount in controversy to an amount below $75,000, defeating diversity jurisdiction. (DE # 10 at 2.)

It is well-settled that self-funded employees' benefit plans, such as the plan at issue in this case, are exempt from state laws regulating insurance, so the Indiana statute cited by plaintiff has no application here. *FMC Corp. v. Holliday,* 498 U.S. 52, 62 (1990); *Murzyn v. Amoco Corp.,* 925 F. Supp. 594, 597 (N.D. Ind. 1995). Therefore, the court perceives no valid argument that it must reduce the amount in controversy in this case in accordance with the Indiana statute. The undisputed facts indicate that the amount in controversy satisfies Section 1332.

## IV.     CONCLUSION

For the reasons set forth above, plaintiff's objection to defendant's notice of removal is **OVERRULED.** (DE # 7.) Plaintiff's motion for oral argument is **DENIED.** (DE # 14.)

**SO ORDERED.**

Date: October 14, 2022

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT